IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARYLL SHUMAKE,<br>Plaintiff, | Civil Action No. 7:05cv00708 |
| v. | **MEMORANDUM OPINION** |
| WALLENS RIDGE STATE PRISON,<br>Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Daryll Shumake, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Shumake alleges that, while he was incarcerated at Wallens Ridge State Prison, prison employees wrongly confiscated and lost or damaged his walkman, headphones, and adapter. Shumake seeks monetary damages. The court finds that Shumake's complaint fails to state a claim upon which the court may grant relief and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.[1]

I.

Shumake alleges that on January 26, 2005, Correctional Officer Russell wrongfully confiscated his walkman, headphones, and adapter and that prison officials refuse to return the property. Shumake alleges that prison officials refuse to return his property because Russell broke the walkman by dropping it.

II.

---

[1] Further, Wallens Ridge State Prison is not a "person" and, therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Shumake an opportunity to amend and name a proper defendant, his claims would still fail for the reasons stated herein.

The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). The state has established a grievance procedure which Shumake has utilized in this matter. Further, the Virginia Tort Claims Act is also available to Shumake. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985) (holding the remedies available under the Virginia Tort Claims Act to be sufficient post-deprivation remedies); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, because there are state remedies capable of addressing Shumake's alleged injury, the court finds that he has failed to state a cognizable constitutional claim regarding his lost or damaged property.

### III.

For the stated reasons, the court dismisses Shumake's claim pursuant to § 1915A(b)(1).

**ENTER**: This 24th day of November, 2005.

UNITED STATES DISTRICT JUDGE